**Affirmed and Memorandum Opinion filed March 7, 2013.**



In The

## Fourteenth Court of Appeals

### NO. 14-12-00754-CV

**DAVID FURRY, Appellant**

**V.**

**SMS FINANCIAL XV, L.L.C., SUCCESSOR-IN-INTEREST TO CHASE OF TEXAS, N.A., Appellee**

**On Appeal from County Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 718192**

## M E M O R A N D U M   O P I N I O N

Appellant, David Furry, appeals the trial court's order reviving judgment and granting issuance of a writ of scire facias against him in favor of appellee, SMS Financial XV, L.L.C., successor-in-interest to Chase Bank of Texas, N.A. We affirm.

### Background

The trial court signed a default judgment against Furry in favor of Chase Bank of Texas, N.A. in the amount of $32,097.99 on March 30, 2000. Chase Bank

assigned the judgment to SMS Financial XV, L.L.C. on May 25, 2007. SMS filed a motion to revive judgment on January 18, 2011, alleging that a writ of execution issued on June 1, 2000 and that it is entitled to an order reviving the judgment. SMS filed its first amended motion to revive judgment on March 29, 2012, alleging that the motion is timely "before the second anniversary after March 30, 2010, being the date the judgment became dormant," and asking the trial court to issue a citation for writ of scire facias. The Harris County Clerk's Office issued a letter on May 11, 2012, in which it acknowledged receiving SMS's March 29, 2012 request to issue a writ of scire facias and stated that it is "unable to issue writ of scire facias" because the "order to revive judgment has not been granted."

Furry filed a response to SMS's first amended motion to revive on July 24, 2012, arguing that the default judgment is "dormant, null, void, and barred forever because SMS failed to revive the judgment by issuing a proper Writ of Execution." SMS filed a reply on July 30, 2012. The trial court signed an order on July 31, 2012, finding that the "Motion to Revive Judgment is well taken, should be granted and that a Writ of Scire Facias should issue." The trial court ordered the judgment revived pursuant to Section 31.006 of the Texas Civil Practice and Remedies Code for ten years and ordered the court clerk to treat the judgment as revived and issue "such executions and/or writs and processes in this cause as needed or requested to enforce or further extend the life of" the judgment. Furry filed a notice of appeal on August 16, 2012.

## Analysis

Furry argues on appeal that the trial court erred by granting revival of the dormant judgment because SMS failed to properly issue a writ of execution by

2

March 1, 2010[1] — ten years after the judgment against Furry was obtained on March 1, 2000. Furry argues that the judgment in this case is "dormant, null, void, and forever barred" because SMS cannot show that a writ of execution was actually delivered to a constable for service by March 1, 2010. Furry also contends that SMS's statement that it requested preparation of a writ of scire facias from the Harris county clerk "fails to demonstrate the 'issuance' of the writ, which is a requirement for the revival of a judgment under Tex. Civ. Prac. & Rem. Code § 34.001."

Contrary to Furry's contention, nothing in Section 34.001 provides that issuance of a writ of execution or a writ of scire facias is a requirement for the revival of a judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (Vernon Supp. 2012). Instead, Section 34.001 addresses preservation and dormancy of judgments and provides as follows:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.
>
> (b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

*Id*. Further, Section 31.006 provides that, once a judgment becomes dormant, the "dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.006 (Vernon 2008). The effect of Section 31.006 is to provide a twelve year residual limitations period for

---

[1] Although Furry contends the judgment against him was signed on March 1, 2000, the record establishes that the trial court signed the judgment against Furry on March 30, 2000.

final judgments. *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.).

In determining whether to issue a writ of scire facias to revive a dormant judgment, a trial court considers the date of the judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive the judgment scire facias. *Id.* A scire facias proceeding is a non-evidentiary hearing for which there is no need for findings of fact and conclusions of law. *Id.*

Here, SMS met the requirements for scire facias. The record establishes that a judgment was obtained against Furry on March 30, 2000. Because there is nothing in the record to establish that a writ of execution was issued,[2] the judgment against Furry became dormant on March 30, 2010. Therefore, SMS had until March 30, 2012 to revive the dormant judgment and file for scire facias. SMS filed its motion and amended motion to revive the dormant judgment on January 18, 2011, and on March 29, 2012, respectively. This was before the second anniversary of the date that the judgment became dormant. Accordingly, SMS filed within the time permitted to revive the dormant judgment, and the trial court correctly revived SMS's judgment. *See Cadles of Grassy Meadow, II, LLC v. Herbert*, No. 07-09-00190-CV, 2010 WL 1705307, at *6 (Tex. App.—Amarillo Apr. 27, 2010, no pet.) (mem. op.); *Cadle Co.*, 2010 WL 670561, at *2; *Trad v. Colonial Coins, Inc.*, No. 14-02-00172-CV, 2003 WL 124680, at *2 (Tex. App.—Houston [14th Dist.] Jan. 16, 2005, no pet.) (mem. op.).

We overrule Furry's sole issue on appeal.

---

[2] Proper issuance of a writ of execution involves (1) clerical preparation of the writ, and (2) unconditional delivery to an officer "for enforcement in the manner provided by law." *Trad v. Colonial Coins, Inc.*, No. 14-02-00172-CV, 2003 WL 124680, at *2 (Tex. App.—Houston [14th Dist.] Jan. 16, 2005, no pet.) (mem. op.).

## Conclusion

We affirm the trial court's judgment.



/s/      William J. Boyce
         Justice



Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.